**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**HECTOR JOHNSON,**

       **Petitioner,**                    **CASE NO. 2:11-CV-726**
                                     **JUDGE MARBLEY**
       **v.**                          **MAGISTRATE JUDGE KING**

**MICHELE MILLER, WARDEN,**

       **Respondent.**

<u>**REPORT AND RECOMMENDATION**</u>

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the *Petition*, Doc. No. 1, Respondent's *Motion to Dismiss*, Doc. No. 6, Petitioner's *Reply*, Doc. No. 8, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss* be **GRANTED.**

**FACTS and PROCEDURAL HISTORY**

The Ohio Eighth District Court of Appeals summarized the facts and procedural history of this case as follows:

> On August 4, 2008, defendant pled guilty to one count of rape in violation of R.C. 2907.02(A)(1)(b). On September 2, 2008, defendant filed a presentence motion to withdraw his guilty plea. The court denied the motion and defendant now appeals, raising two assignments of error[:]. . .
>
> "I. Appellant's guilty plea was not knowingly and intelligently made.
>
> "II. The trial court erred in denying appellant's motion to withdraw or vacate his guilty plea."

*State v. Johnson,* No. 92364, 2009 WL 3647054, at *1 (Ohio App. 8th Dist. Nov. 5, 2009). On November 5, 2009, the appellate court reversed Petitioner's conviction and remanded the case to the

trial court. *Id.* On February 2, 2011, Petitioner filed a motion for delayed appeal,[1] which motion

the Ohio Supreme Court denied on April 6, 2011. *Exhibit 16 to Motion to Dismiss*. Meanwhile, on

April 16, 2010, while represented by counsel, Petitioner pleaded guilty to one count of rape and

Petitioner was sentenced to a term of five years incarceration. *Exhibit 13 to Motion to Dismiss*.

Petitioner never pursued an appeal from that judgment.

On August 10, 2011, Petitioner filed the *pro se Petition,* which appears to have been

executed on July 20, 2011. *Petition*, p.7. Petitioner alleges that he is in the custody of the

Respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Ineffective assistance of appellate and trial counsel.
>
> The Petitioner's trial counsel allowed the Petitioner to plead guilty but did not inform the Petitioner of how much time he was actually exposing himself to.
>
> Appellate counsel was ineffective because all they did was blame the trial counsel for their inability to do anything further for the Petitioner.
>
> 2. Ineffective assistance of trial counsel in that the trial counsel did not subpoena witnesses, did not make a serious effort to collect exculpatory evidence for defendant who was incarcerated in the county jail during this whole time.
>
> The trial counsel did not make an effort to obtain phone records, and other exculpatory evidence that would have been favorable to the defense. When secondary counsel was appointed by the court, they were more concerned in trying to get the Defendant to pay him for his services tha[n] he was in getting the Defendant a fair trial.

It is the position of Respondent that this action must be dismissed as untimely, moot or unexhausted.

## STATUTE OF LIMITATIONS

---

[1] It is not clear why Petitioner attempted to appeal the favorable decision of the Ohio Court of Appeals, which reversed his conviction and remanded the case to the trial court.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d) provides:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Here, Petitioner's judgment of conviction became final on May 16, 2010, *i.e.,* thirty days after the filing of the final judgment, when the time for filing a timely appeal expired. *See* Ohio Appellate Rule 4(A); *Keeling v. Warden, Lebanon Correctional Inst*., – F.3d –, 2012 WL 447492 (6th Cir. Feb. 14, 2012)(judgment becomes final at the expiration of the time for pursuing direct review in the state court); *Marcum v. Lazarof*, 301 F.3d 408, 481 (6th Cir. 2002); *Searcy v. Carter*, 246 F.3d 515, 518-19 (6th Cir. 2001). The statute of limitations therefore expired one year later, on May 16, 2011.

However, Petitioner did not execute this habeas corpus petition until July 20, 2011. Moreover, Petitioner fails to allege any extraordinary circumstances that would justify equitable tolling of the statute of limitations.

Petitioner's motion for a delayed appeal, filed on February 2, 2011 in the Ohio Supreme Court, did not toll the running of the statute of limitations. That motion was not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2) because the conviction addressed in that motion had already been vacated by the Court of Appeals; the Ohio Supreme Court would have had no basis on which to grant Petitioner's motion for delayed appeal. *See, e.g., Williams v. Birkett*, – F.3d –, 2012 WL 638508, at *3 (6th Cir. Feb. 29, 2012)(successive post conviction petition was not properly filed). Even assuming that Petitioner's motion for a delayed appeal did toll the running of the statute of limitations, *see Lawrence v. Florida*, 549 U.S. 327 (2007)(properly filed state post conviction petition tolls the running of the statute of limitations for the period during which the action remains pending in the state courts), or for a period of 63 days, Petitioner's habeas corpus petition is snevertheless untimely because the statute of limitations expired on July 18, 2011. Petitioner executed his habeas corpus July 20, 2011, two days late.

In any event, and as Respondent correctly notes that, even were this Court to construe Petitioner's habeas corpus petition as timely, Petitioner's claims are not properly before this Court. Petitioner has never attempted to file an appeal or otherwise challenge his April 16, 2010 conviction. Therefore, his claims remain unexhausted. 28 U.S.C. § 2254(b)(1)(A)(an application for a writ of habeas corpus shall not be granted unless the applicant has exhausted the remedies available in the courts of the State); *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Sampson v. Love*, 782 F.2d 53, 55 (6th Cir. 1986).

4

**WHEREUPON,** the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss,* Doc. No. 6, be **GRANTED** and that this action be **DISMISSED.**

## PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation,* that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

_s/ Norah McCann King_
Norah McCann King
United States Magistrate Judge

April 6, 2012