```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

**HECTOR JOHNSON,**
       Petitioner,                      Case No. 2:11-CV-726
                                                  Judge Marbley
    v.                                    Magistrate Judge King

**MICHELE MILLER, WARDEN,**
       Respondent.

<u>**ORDER**</u>

      Petitioner in this habeas corpus action was convicted on one count of rape in 2008, although that conviction was reversed by the Ohio Eighth District Court of Appeals in 2009.  In 2010, following remand, Petitioner was convicted on his plea of guilty to one count of rape.  He filed no appeal from the 2010 conviction.  On April 6, 2012, the Magistrate Judge recommended that Respondent's *Motion to Dismiss,* Doc. No. 6, be granted and that the claims asserted in this habeas corpus action be dismissed as time-barred or unexhausted.  *Report and Recommendation,* Doc. No. 9. Petitioner has filed objections to that *Report and Recommendation*. *Objection*, Doc. No. 13.

      Petitioner does not address the untimeliness of his habeas corpus petition; he argues only that the Court should excuse his failure to exhaust his state court remedies.  In particular, Petitioner argues that his incarcerated, *pro se* status, the complexity of the state court procedures and the futility of raising his claims in the state courts all militate in favor of overlooking the exhaustion issue.

      Pursuant to 28 U.S.C. § 636(b), Fed. R. Civ. P. 72(b), this Court has conducted a *de novo* review of the record.  For the reasons detailed in the Magistrate Judge's *Report and Recommendation*, this Court agrees that, to the extent that Petitioner intends to challenge his 2008 (*i.e.*, reversed) conviction, the action is time-barred. Additionally, a

petitioner's incarcerated, *pro se* status does not provide a basis for the equitable tolling of the statute of limitations. *See Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)(ignorance of the law and lack of legal advice does not constitute grounds for equitable tolling). To the extent that Petitioner intends to challenge his 2010 conviction, his claims are unexhausted because he has never filed an appeal from that conviction. Moreover, the record does not establish that pursuit of a delayed direct appeal would be futile so as to excuse Petitioner's failure to exhaust his state court remedies.  In short, this Court agrees that Respondent's *Motion to Dismiss* is meritorious.

Although Petitioner requests an evidentiary hearing, the Court also concludes that an evidentiary hearing is not required for the resolution of this matter.  No evidentiary hearing is required "where it would be futile or where, as here, the record is complete and no fact that could be developed would result in the granting of the writ."  *Morris v. Warden, Toledo Correctional Facility*, No. 2:10-CV-00542, 2011 WL 245618, at *2 (S.D. Ohio Jan. 26, 2011).

Petitioner's *Objection*, Doc. 13, is **OVERRULED**.  The *Report and Recommendation,* Doc. No. 9, is **ADOPTED** and **AFFIRMED.**  Respondent's *Motion to Dismiss*, Doc. No. 6, is **GRANTED.**

This case is hereby **DISMISSED**.  The Clerk is **DIRECTED** to enter **FINAL JUDGMENT.**

                                                        s/Algenon L. Marbley  
                                                      ALGENON L. MARBLEY  
                                                      United States District Judge